**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1 21 2020

LISA LAVELLE,

Plaintiff,

vs.

No.: 19-cv-09675 (DLC)

ACKERMAN INSITUTE FOR THE
FAMILY,

Defendant.

## STIPULATED PROTECTIVE ORDER

Plaintiff Lisa Lavelle ("Plaintiff") and Defendant Ackerman Institute for the Family ("Defendant"), each a "Party" or, collectively, "the Parties," hereby agree to the following Stipulated Protective Order ("Order") regarding certain documents and information that will be produced by the Parties during discovery in the above-entitled action ("Action").

1.      The Parties acknowledge that discovery in this Action may require the disclosure of documents and other materials that are proprietary, trade secret, commercially sensitive, contain personal medical information, and/or are otherwise confidential in nature.

2.      The Parties hereby agree that any Party subject to discovery in this Action may designate documents; deposition testimony, transcripts, and exhibits; responses to interrogatories; responses to requests for admission; and other written, recorded, or graphic information and materials produced by a Party or non-Party in the course of this Action ("Discovery Material") as "Confidential." "Confidential" Discovery Material consists of Plaintiff's personal medical information, Plaintiff's personal financial information, personnel files of non-parties to this Action and Defendant's trade secrets, confidential research, commercial information, business and financial information, business plans, product development information and/or marketing plans

not previously disclosed to the public, and any information of a personal or intimate nature regarding any individual employed or previously employed by Defendant. If any Party believes a document not described herein should otherwise be considered confidential, it may so designate that document as described herein, subject to the other Party's right to challenge that designation as described in paragraph 10.

3.       The Parties further hereby agree that any Party subject to discovery in this Action may designate Discovery Material in the course of this Action as "Highly Confidential" when such information, documents or material requires the highest level of protection because of its peculiarly sensitive contents, disclosure of which would tend to cause material harm to the producing party's competitive position.

4.       The "Confidential" or "Highly Confidential" designation shall be made after review by an attorney for the producing Party of the Discovery Material by stamping the word "Confidential" or "Highly Confidential" on each page. Any Party may obtain confidential treatment for Discovery Material without such designation if the Party seeking the designation sends written notice of such designation to all other Parties or non-Parties in the possession of such Discovery Material, or within thirty (30) days of their production and marks the subject documents or other materials with the word "Confidential" or "Highly Confidential" and reproduces them. To the extent that it would be impractical to visibly mark disclosed materials as "Confidential" or "Highly Confidential" (e.g., when producing materials in electronic form), Discovery Material may also be designated as "Confidential" or "Highly Confidential" in contemporaneous correspondence.

5.       Notwithstanding any other provisions in this Order, nothing shall prevent a party from withholding production of or otherwise redacting in its entirety a document considered

2

privileged (including, but not limited to, attorney-client or attorney work product) or otherwise restricted from production, despite the existence of this Protective Order.

6.    With respect to testimony elicited during depositions, whenever counsel for a Party deems that any question or line of questioning calls for the disclosure of information that should be treated as "Confidential" or "Highly Confidential," counsel may: (i) designate on the record prior to such disclosure that such information is being designated as "Confidential" or "Highly Confidential" or (ii) give written notice to all other counsel that such information is being designated as "Confidential" or "Highly Confidential" within forty-five (45) days after receiving a copy of the transcript of the deposition.

7.    Discovery Material designated as "Confidential" or "Highly Confidential" shall be used by the receiving Party exclusively in connection with this Action and any appeals thereof and shall not be used by any of the parties, their employees, agents or counsel for any competitive business purpose or for any other personal or other purpose not directly related to this Action and in conformance with the terms of this Order. A Party shall not disseminate any Discovery Material designated as "Confidential" or "Highly Confidential" except as necessary for use in this Action and any appeals thereof, and subject to the further restrictions set forth in paragraph 8 below. The Parties shall take reasonable and prudent measures to safeguard the confidentiality of all Discovery Material designated as "Confidential" or "Highly Confidential." The Parties agree that, in the event that a Party fails to abide by the terms of the Stipulated Protective Order, such Party may be subject to sanctions, including contempt, for such a failure and agrees to be bound by such terms, in accordance with applicable law governing sanctions, and the Parties consent to the personal jurisdiction of the United States District Court for the Southern District of New York for the enforcement thereof.

8.     Discovery Material designated as "Confidential" or "Highly Confidential" shall not be disclosed to any other person other than:

(a)     The Court, persons employed by the Court, the stenographer transcribing the testimony or argument at a hearing, trial, or deposition in this Action, and any special master or mediator appointed by the court or agreed to by the Parties;

(b)     Counsel of record for any Party to this Action, as well as partners, shareholders, of counsel, special counsel, associates, paralegals, law students, clerical staff and secretaries who are regularly employed by such counsel, and are engaged in assisting such counsel with respect to the defense or prosecution of this Action;

(c)     Independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this Action and computer service personnel performing duties in relation to a computerized litigation system;

(d)     Other vendors retained by or for the parties in this Action to assist in preparing for pretrial discovery, trial and/or hearings, including, but not limited to, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff and employees whose duties and responsibilities require access to such materials;

(e)     Experts and consultants consulted or retained by any Party or counsel of record for any Party to assist in the defense or prosecution of this Action;

(f)     As to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g)     Any witness or potential witness that counsel for a Party has a good faith reasonable basis for disclosing the document to;

4

(g)     Any Party; and

(h)     Any employee, former employee, agent or independent contractor of any Party who is requested by counsel to assist in the defense or prosecution of this Action, provided, however, that disclosure of the Confidential Information to said individual may be made only to the extent necessary for the employee, former employee, agent or independent contractor to provide such assistance.

9.     Any Party that seeks to share Discovery Material designated as "Confidential" or "Highly Confidential" to a person not included in paragraphs 8(a)-(d) above shall, prior to such disclosure, advise the recipient of the contents of this Order and require each such person to whom such disclosure is made to execute an undertaking in the form attached hereto as Exhibit A. All such undertakings shall be retained by counsel for the Party who discloses Discovery Material designated a "Confidential" or "Highly Confidential" in this way. Further, the Party providing the witness with "Confidential" or "Highly Confidential" Discovery Material must take reasonably prudent steps to retrieve or to determine that the witness has not retained a copy of such information.

10.     Any Party may object to the designation of particular documents or other materials as "Confidential" or "Highly Confidential" by giving written notice to the Party making the designation and to all other Parties. The Parties shall attempt to resolve any such dispute by meeting and conferring. In the event that such a dispute cannot be resolved by the parties after such conference, either party may apply to the Court for a determination as to whether the designation is appropriate. The burden shall rest on the party seeking confidentiality to demonstrate that such designation is proper. The disputed documents or other materials shall be treated as "Confidential" pending a ruling from the Court.

11.   Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

12.   Documents or other materials filed by any Party with the Court before, during, or after trial that contain Discovery Material designated as "Confidential" or "Highly Confidential" shall be filed with the Clerk of the Court under seal. Any such materials filed under seal shall be filed separately in a sealed envelope marked "TO BE FILED UNDER SEAL" or "SUBMITTED FOR *IN CAMERA* REVIEW" next to the caption, and such materials shall be submitted with a copy of this Order.

13.   Any Party may consent to have any documents or other materials it previously designated as "Confidential" or "Highly Confidential" removed from the scope of this Order by so notifying counsel for the other Parties in writing or by so stating on the record at any hearing or deposition. Nothing contained in this Order shall prevent any Party from disclosing its own Discovery Material whether designated as "Confidential" or "Highly Confidential" as it deems appropriate.

14.   The provisions of this Order shall not terminate at the conclusion of this Action. Within 120 days of final conclusion of all aspects of this Action, including any and all appeals, Discovery Material stamped or otherwise identified as "Confidential" or "Highly Confidential," and all copies of same (other than exhibits of record) shall be returned to the Party that produced such documents or destroyed. If destroyed, counsel of record shall execute a certification of compliance herewith and shall deliver the same to counsel for the Party that produced the Discovery Material, upon written request by the producing party.

6

15.     Notwithstanding anything herein, counsel for the parties shall be entitled to retain all court papers; depositions and trial transcripts; exhibits used in affidavits, at depositions, or at trial; and attorney work product.

16.     The inadvertent production or disclosure of any privileged or otherwise protected information by any Party ("Inadvertently Disclosed Information") shall not constitute, or be considered as a factor suggesting, a waiver or impairment of any claims of privilege or protection, including but not limited to the attorney-client privilege and the protection afforded to work product materials.

17.     If a disclosing Party makes a claim of inadvertent disclosure, the receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and/or documents, and provide a certification of counsel that all such information has been returned or destroyed.

18.     This Stipulation and Order is subject to revocation and modification by order of the Court, upon written stipulation of the Parties, or upon motion and reasonable notice.

SO STIPULATED:

By: _____
Michael E. Grenert, Esq.
LAW OFFICE OF
MICHAEL GRENERT, PLLC
214 W. 29th Street, 2nd Floor
New York, New York 10001
(917) 553-2050

Andrea M. Paparella, Esq.
LAW OFFICE OF
ANDREA PAPARELLA, PLLC
150 W. 28th Street, Suite 1603
New York, New York 10001
(212) 675-2523

By: _____
Meredith Cavallaro, Esq.
Lisia Leon, Esq.
PADUANO & WEINTRAUB LLP
1251 Avenue of the Americas, 9th Floor
New York, New York 10020
(212) 785-9100

*Attorneys for Defendant*

Date: 1/14/2020

So ordered.
Yanne Cole
1/21/20

7

*Attorneys for Plaintiff*

Date: 1/16/2020

SO ORDERED:

_____

The Honorable Denise L. Cote

Dated: _____

8

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LISA LAVELLE,

      Plaintiff,

 vs.            No.: 19-cv-09675 (DLC)

ACKERMAN INSITUTE FOR THE
FAMILY,

      Defendant.

## AGREEMENT TO MAINTAIN CONFIDENTIALITY

The undersigned hereby acknowledges and says:

I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" are provided to me pursuant to the terms and conditions and restrictions of the Stipulated Protective Order entered in this Action on the _____ day of _____ 2020,

I hereby attest that I have been given a copy of and have read the Stipulated Protective Order and understands the terms thereof,

I hereby agree to **neither disclose nor discuss with any third party any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Discovery Material**, obtained in the above-captioned matter, except in accordance with the Stipulated Protective Order and solely for the purpose of this Action, including notes or other memoranda or writings regarding information contained therein, and then only at the express direction of counsel for the Plaintiff or counsel for the Defendant.

10

I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Stipulated Protective Order, is a prerequisite to my review of any produced materials, as defined in the Stipulated Protective Order,

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this Action,

I hereby agree, to the extent I am provided copies of any Discovery Material, to return all such copies to counsel for the Plaintiff or counsel for the Defendants at the conclusion of this Action,

I further agree and attest to my understanding that, in the event that if I fail to abide by the terms of the Stipulated Protective Order, I consent to the personal jurisdiction of the United States District Court for the Southern District of New York for the enforcement thereof.

Date:_____

_____
Signature

_____
Print Name

11